*Order reversed, and<br>cause remanded.*

(Decided 25th March, 1879.)

---

THE PETER'S BUILDING ASSOCIATION, No. 5, OF BALTIMORE CITY *vs.* THEODORE JAECKSCH.

*Construction of a Building Association Mortgage—Computation of Weekly Dues—Usury in the Weekly Sum required to be paid on Redeemed Shares.*

On the 1st of April, 1871, a shareholder and member of the appellant, a building association on the mutual plan incorporated under the Act of 1868, ch. 471, executed a mortgage to the appellant to secure to it all unpaid instalments on seventeen shares of stock sold to or redeemed by the appellant, interest on the sum of $2550 paid or advanced by the appellant to the shareholder, and the payment of all fines and penalties imposed for non-payment of weekly dues of $8.50, being weekly instalments on the shares of stock redeemed, and the interest on the money advanced on such redeemed shares; all of which payments to continue until the appellant should have sufficient funds on hand to pay the holders of every unredeemed share, above all losses and liabilities, the sum of one hundred and fifty dollars on each share held by them, and the said appellant should, by the terms of its Act of incorporation, have become extinct.   On the 10th June, 1878, a receiver of the

appellant was duly appointed. It appeared that twenty-five cents per share per week were required to be paid on unredeemed shares, and fifty cents per share per week, on redeemed shares. In a proceeding in equity to settle the accounts between the appellant and the appellee, assignee of the mortgagor's equity of redemption, it was HELD:

1st. That the weekly dues or instalments could be computed only down to the time of appointing the receiver.

2nd. That the charge of the additional twenty-five cents required in respect of the redeemed shares, being for interest on the money advanced for such shares was usury, and neither the Act of 1868, ch. 471, sec. 87, allowing interest at the rate of six *per cent. per annum* on the sum advanced, nor the law regulating the rate of interest generally, should be evaded by combining the interest with the weekly payments on the shares of stock; and that all interest in excess of the regular rate of six *per cent. per annum* should be disallowed, in stating an account between the parties.

APPEAL from the Circuit Court of Baltimore City.

It appears from the proceedings in this case, which was consolidated in the Court below with the case of the appellant against Alois Kuspert and wife, that on the 1st of April, 1871, Alois Kuspert and wife, joint owners of property in the city of Baltimore, executed to The Peter's Building Association, No. 5, of Baltimore City, of which association Kuspert was a member and a subscriber to seventeen shares of its stock, a mortgage of their property to secure to it the payment of the sum of two thousand five hundred and fifty dollars, advanced to him on his seventeen shares, the mortgage containing a covenant for the payment of a certain weekly sum.

By deed, dated the 1st of December, 1877, Kuspert and wife, in consideration of nine hundred and two dollars and eighty cents, assigned all their interest in the mortgaged premises to Theodore Jaecksch, the appellee. On the 6th of December, 1877, Jaecksch filed a bill in the Court below against the association, praying the Court to compel it to execute a release of the mortgage from Kuspert and wife,

200 MARYLAND REPORTS.

The Peter's Build. Ass'n, No. 5, of Balto. vs. Jaecksch.

on the ground that all sums secured by the mortgage had been paid and the terms and conditions thereof had been complied with.

On the 15th of January, 1878, the association filed a petition in the same Court, praying for a decree of sale of the mortgaged property, alleging an indebtedness on the part of Kuspert of $1031.85. The decree prayed for was granted, and a trustee appointed to sell the mortgaged property, whereupon the trustee advertised the property to be sold on the 18th of February, 1878.

On the 7th of February, 1878, Jaecksch filed a petition, in which he reiterated the averments of his original bill, and further alleged that Kuspert, as a subscriber to seventeen shares of the stock of the association, paid thereon the weekly sum of twenty-five cents per share, and that on receiving the advance on his shares, he executed the mortgage to secure the payment of the weekly sum of $8.50, being $4.25 as unpaid instalments, and the additional weekly sum of $4.25 interest; and it was charged that the additional sum so secured was usurious and illegal; and it was further alleged that even usurious as the contract was, yet all sums secured by it had been overpaid; and he prayed the Court to enjoin said association from proceeding further with said sale; whereupon the Court, on the 17th of February, passed an order prohibiting said sale and referring the matter to the auditor for an account.

On the 28th of February the auditor filed his report, to which Jaecksch filed exceptions. These exceptions were sustained by the Court, (GILMOR, J.,) and from the order passed the 25th of March, 1878, sustaining them and directing the appellant to execute to the appellee a release of the mortgage from Kuspert and wife, it appearing to the Court that all sums due on it had been paid, this appeal was taken. The case is further stated in the opinion of the Court.

The Peter's Build. Ass'n, No. 5, of Balto. *vs.* Jaecksch.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, MILLER, ALVEY and ROBINSON, J.

*John B. Wentz,* for the appellant.

*Edward T. Flaherty,* for the appellee.

ALVEY, J., delivered the opinion of the Court.

The articles of association of the appellant are exceedingly meagre, and the by-laws, if any, are not disclosed by the record. Enough appears, however, to enable us to say that the plan of the organization was of a mutual character, and intended to be in accordance with the general incorporation law of the State, found in the 26th Article of the Code, secs. 84 to 88, inclusive, as enacted by the Act of 1868, ch. 471.

Alois Kusbert, one of the mortgagors in the mortgage to the appellant, dated the 1st of April, 1871, was a shareholder and a member of the association; and the mortgage was executed to secure to the corporation, 1st. All unpaid instalments on the seventeen shares of stock sold to or redeemed by the association; 2nd. Interest on the sum paid or advanced by the association to the shareholder; and 3rd. The payment of all fines and penalties imposed for non-payment of weekly dues, being weekly instalments on the shares of stock redeemed, and the interest on the money advanced on such redeemed shares.

Such being the relation of the parties and the object of the mortgage, we cannot agree in the position of the appellee, that the mortgage is to be considered as one between individuals, and that it should be treated as for a simple loan of money. The covenant in the mortgage requires that the mortgagor, or his assigns, shall pay the weekly sum of $8.50, (that amount including both the instalments on the shares of stock redeemed, and the interest on the money advanced,) on every Thursday

evening, until the time should arrive when the association should have sufficient funds on hand to pay the unredeemed shareholders the sum of $150, on each share held by them, clear of all losses and liabilities ; also all fines that should be imposed on him, &c. "All of which payments and covenants shall continue in force until the said body corporate shall have sufficient funds on hand to pay the holders of every unredeemed share, above all losses and liabilities, the sum of one hundred and fifty dollars, and the said corporation shall, by the terms of its Act of incorporation, have become extinct."

From the terms of this covenant it is clear that, in the contemplation of the parties, the payment of the weekly sum of $8.50, embracing both weekly instalments on the shares, and the interest on the money advanced, should continue until the time arrived for the corporation to cease to exist, and not as contended by the appellee, only until the weekly payments should amount to a sum equal to that originally advanced on the shares redeemed. This covenant, however, must be taken to be made in contemplation of the fact that the association should continue in active operation, with a view to effectuating the objects and purposes of its organization, until its accumulations should be sufficient to enable it to close its operations upon the basis of a solvent corporation, according to the law under which it was created. Otherwise there might be no end to the payment of the weekly dues, and the mortgagor would never be able to redeem his property. If therefore the association should cease active operations under its constitution, by reason of insolvency or other cause, before the proper time for it to terminate, from the time of such suspension the right to demand the weekly dues as such would cease ; and if the amount paid in before that time be not sufficient to cover the original amount advanced on the shares redeemed, and all accrued interest thereon, the mortgagor will then only be liable for the balance of that

OCTOBER TERM, 1878.            203

The Peter's Build. Ass'n, No. 5, of Balto. *vs.* Jaecksch.

amount with interest until paid. But if the amount paid in at the time of suspension, or when the association ceases operation, be equal to or more than the amount advanced on the redeemed shares, and the accrued interest thereon, and there be no arrearages of dues and fines, at that time, in such case, the mortgagor will be entitled to have the mortgage released.

Here, the decree sustaining the exceptions to the auditor's report, and ordering a release of the mortgage, was passed on the 25th of March, 1878; and, according to a certified copy of an order of the Circuit Court of Baltimore city, filed in this Court on the part of the appellant, John Barrett, Jr., was appointed receiver of the appellant on the 10th of June, 1878; and by subsequent order of the same Court, passed on the 14th of October, 1878, it appears that the receiver was authorized and directed to prosecute this appeal. It thus appears that the active operations of the association have ceased, and its affairs are in course of settlement under the direction and control of a Court of equity. This is not only a suspension of the operations of the association, but it is, to all practical purposes, so far as the mortgagor or his assignee is concerned, equivalent to a dissolution of the corporation. *Windsor & Applegarth vs. Bandel,* 40 *Md.,* 172; *The Low St. Building Ass'n, No. 6 vs. Zucker and Wife,* 48 *Md.,* 448.

Now, while the decree appealed from must be reversed, the weekly dues or instalments can only be computed down to the time of appointing the receiver, and not for the probable duration of the association, according to the claim filed at the time of applying for the decree to sell the mortgaged premises. And in stating the account as between the mortgagor, or his assignee of the equity of redemption, and the receiver of the association, the principles already sufficiently indicated should be conformed to, in order to ascertain what amount is still due on the mortgage.

It is contended by the appellee that of the $8.50, the weekly payment required by the covenant in the mortgage, the sum of $4.25 is charged as weekly interest on the sum of $2550, the amount advanced for the redeemed shares, and that such interest is excessive, and therefore usurious.

The articles of association are silent as to the weekly instalment required to be paid by the shareholder on each share of stock held by him; but the secretary of the association has testified that the unredeemed shares were required to pay but twenty-five cents per share per week, and in respect to the redeemed shares fifty cents per share per week were required to be paid. These facts lead pretty strongly to the conclusion, that the additional twenty-five cents required in respect of the redeemed shares must be for interest on the money advanced for such shares; and if this be so, it is clear there has been usury taken. The law under which the appellant was incorporated allows interest at the rate of six per cent. per annum on the sum advanced, (1868, ch. 471, sec. 87,) and neither this provision, nor the law regulating the rate of interest generally, should be allowed to be evaded by combining the interest with the weekly payments of the unpaid instalments on the shares of stock. The two subjects are distinct, and they should be kept separate. All interest, therefore, in excess of the regular rate of six per cent. per annum should be disallowed in stating the account between the parties.

*Decree reversed, and*
*cause remanded.*

(Decided 25th March, 1879.)