(Decided 9th February, 1882.)

---

THE BORDER STATE PERPETUAL BUILDING ASSOCIA-
TION OF BALTIMORE CITY *vs.* TIMOTHY McCARTHY.

*Account of the Indebtedness of a Mortgagee under a Mortgage*
*to a Perpetual Building Association.*

On the 25th June, 1873, the appellee became a member of the appellant, a permanent building association (duly incorporated under the Act of 1868, ch. 471,) in active operation, by subscribing for ten shares of its stock. On the 16th October following, he increased

the number of his shares to twenty. On the 30th April, 1874, he redeemed ten of his shares, and received an advance of $2600, and executed a mortgage of leasehold property, conditioned for the payment by him to the mortgagee as follows : 1st. The sum of $1, every two weeks as bi-weekly dues. 2nd. The sum of $8, every two weeks as interest, being 80 cents on each share of stock upon which he had received the advance. 3rd. To pay all ground rents, taxes and assessments on the property. 4th. To pay all fines imposed on him by the corporation in accordance with the provisions of its constitution. 5th. To keep the property insured. All of which payments and covenants were to continue in force until the bi-weekly dues aforesaid, together with the profits on said redeemed shares as credited to him on the books of the association, should amount to the sum advanced to him. The appellee continued to pay the bi-weekly dues on his twenty shares of stock, and the interest as provided in the mortgage on the $2600, bi-weekly, until December, 1875, when he withdrew his ten unredeemed shares, in the exercise of the right given to him by the constitution of the association, and received the money for the same according to its provisions. He continued thereafter to pay the dues and interest as provided by the mortgage, until the 10th May, 1877, when he ceased to make his payments. On the 11th July following, the appellee having failed to make his payments, and the taxes and ground rent on the property being in arrear, the appellant, after giving him notice, instituted proceedings under the mortgage, and a decree for a sale being entered, the trustee was about to sell, when he was restrained by an order of the Court below, passed on the mortgagor's petition. The case was by order of Court, referred to the auditor for the purpose of stating an account between the parties. Accounts were stated, to the first of which the appellee excepted; and the last account excepted to by the appellant, was ratified by the Court below. HELD :

That it being shown by the proof that the contract of the appellee, if it had been performed on his part, would have terminated on the 21st October, 1880, he was to be charged with the bi-weekly dues and interest at the rate of six per cent. per annum, counting from the 2nd August, 1877, until the 21st October, 1880, and also with dues in arrear the 2nd August, 1880, interest then in arrear at six per cent., and fines ; that he was entitled to a rebate of interest for one-half the period between the 2nd August, 1877, and the 21st October, 1880, and to a credit for interest paid by him in excess of six per cent. er annum ; and that the balance thus ascertained

would show the amount payable by the appellee in satisfaction of the mortgage, on the 3rd August, 1877.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court. The commissions to the trustee, mentioned in the opinion were one-half commissions allowed to him on the amount due, to wit, $183.59, unpaid taxes and ground rent, under the 39th Rule of Court; he had advertised the property for sale before the sale was enjoined.

The cause was argued before BARTOL, C. J., GRASON, ROBINSON, IRVING and RITCHIE, J.

*James McColgan*, and *S. Teackle Wallis*, for the appellant.

*H. L. Bouldin*, and *A. Leo Knott*, for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

It appears from the record, that the appellee became a member of the appellant corporation on the 25th day of June 1873, by subscribing for *ten shares* of its stock. On the 16th day of October following, he increased the number of his shares to twenty. On April 30th 1874, he redeemed *ten* of his shares, and received an advance of $2600— and executed a mortgage of certain leasehold property in Baltimore City, conditioned for the payment by him to the mortgagee, as follows:

1st. The sum of one dollar every two weeks, as bi-weekly dues.

2nd. The sum of eight dollars every two weeks as interest, being eighty cents on each share of stock, upon which he had received the advance.

3rd. To pay all ground rent, taxes and assessments on the property.

4th. To pay all fines imposed on him by the corporation, in accordance with the provisions of its constitution.

5th. To keep the property insured. All of which payments and covenants were to continue in force, until the bi-weekly dues aforesaid, together with the profits on said redeemed shares, as credited to him on the books of the association, shall amount to the sum advanced to him.

The appellee continued to pay the bi-weekly dues on his twenty shares of stock, and the interest as provided in the mortgage on the $2600, bi-weekly until December 1875, when he withdrew his *ten unredeemed shares*, in the exercise of the right given to him by the constitution of the association, (*Art.* 7, *sec.* 1,) and received the money for the same, according to the provisions of the Article and section referred to. He continued thereafter to pay the dues and interest, as provided by the mortgage, until May 10th 1877, when he ceased to make his payments.

On the 11th day of July following, the appellee having failed to make his payments, and the taxes and ground rent on the property being in arrear; the appellant, after giving him notice, instituted proceedings under the mortgage, and a decree for a sale being entered, the trustee was about to sell, when he was restrained of an order of the Circuit Court passed on the petition of the mortgagor.

The case was, by order of the Court referred to the auditor, for the purpose of stating an account between the parties.

An account was stated, to which the appellee excepted; whereupon the Court again referred the case to the auditor, " with instructions to ascertain from proofs already before him and filed in the case, and also from further proofs to be produced by the parties, the actual amount due by defendant to complainant, under the mortgage," &c., &c.

On the 20th day of November 1879, the auditor made his report, accompanied by a statement of account, to

which the appellant filed exceptions; but the Circuit Court, by its decree passed on the 9th day of January 1880, ratified the same, and from this decree the present appeal was taken.

The auditor being of opinion that the association is not one in which there is an "equality of membership, or mutuality of interests between the members, such as existed in *Robertson's Case*, 10 *Md.*, 397; held that the case falls within the principle laid down in *Taylor's Case*, 41 *Md.*," 409, and accordingly stated an account wherein the mortgagor is charged with the sum advanced and six per cent. interest thereon; deducting from time to time, the several amounts paid by him for bi-weekly dues, interest and fines, and deducting also the dividends of profits accruing to him upon his stock, and ascertaining the balance due, in the ordinary way, as between debtor and creditor.

The exceptions to the account filed by the appellant, were as follows:

"1st. For that the auditor in making up the account, assumes that the mortgage is usurious.

"2nd. For that the auditor assumes in his said account and report accompanying it, that the transaction between the complainant and respondent, relating to said mortgage, constituted a loan of money such not being the fact, and there being no evidence in the mortgage or the testimony.

"3rd. For that the auditor in stating the account, entirely ignores the fact that the respondent is a member of the complainant, and a participant in all its profits.

"4th. That the auditor gives the respondent credit for the whole amount of dues, interest and entrance fees, and other charges on the whole twenty shares held by him, including ten unredeemed shares, wholly unconnected with the said mortgage, and the shares mentioned therein, and which unredeemed shares were withdrawn long before

the forclosure in this case, and the money due thereon, repaid to the respondent in accordance with the constitution of the complainant.

"5th. That the auditor, while giving the respondent all the rights and benefits of a mere borrower, and relieving him from all liability as a member of the complainant, yet allows him all the benefits and advantages of membership in the complainant, and all the profits thereof.

" 6th. And for other reasons to be stated at the hearing."

The appellant was incorporated under the general incorporation Act of 1868, ch 471. It is as its name imports a " perpetual building association " as contra-distinguished from a terminating building association, such as existed in *R bertson's Case.* In that case, the society by its constitution, was to cease to exist, when it should have sufficient funds on hand to pay the holders of every unredeemed share of its stock $200, clear of all losses and liabilities ; and the stipulation in the mortgage was for the payment of weekly dues, and interest on the sum advanced until the time mentioned should arrive when the association should cease to exist. In this case the society is not to terminate, but the contract of the mortgagor is to end and his obligation to pay is to cease, and his mortgage to be released so soon as the amount paid by him as bi-weekly dues, together with the profits on his redeemed stock shall amount to the sum advanced to him. Notwithstanding the redemption of ten shares of his stock, the appellee continued to be a member of the association, entitled to share in its profits, and to receive dividends upon the shares so redeemed, in the same manner as if no advance had been made thereon. In this respect, the position of the appellee was different from that of *Williar* in the case of the *Butchers' Loan and Annuity Assoc'n*, 45 *Md.*, 546, 562. This case stands upon the same ground, and is governed by the same principles as *Robertson's Case.* The appellee after the

advance was made to him, continued to have a joint interest in the association, this constitutes the mutuality between the members holding redeemed and unredeemed shares; and it can make no difference in principle, whether the society is to terminate as stipulated in *Robertson's Case*, or is a permanent association, and the contract of the mortgagor is to end, and his connection with the society to terminate, when the amount paid by him as bi-weekly dues, and his share of profits shall equal the sum advanced to him.

In this case the association is solvent, and in active operation, and therefore, the principles adopted in *Windsor & Applegarth vs. Bandel, et al.*, 40 *Md.*, 172; *The Low Street Building Asso'n vs. Zucker*, 48 *Md.*, 448; and *The Peters' B. A. vs. Jaecksch*, 51 *Md.*, 188, have no application.

As to the question of usury. Some misapprehension appears to have arisen with respect to the decision of *Robertson's Case, supra*. There was nothing therein decided which sanctions or upholds contracts with building associations for the payment of more than *six per cent.* interest. The *Act of* 1852, *ch.* 148, under which the association in that case was incorporated, in its *6th section*, expressly provides for the payment of interest "at the rate of *six per centum per annum.*" Robertson had not contracted to pay any more than *six per cent.* The supposed usury charged in that case, was alleged to consist in the contract of the mortgagor to continue to pay interest on the whole sum advanced, while he was paying at the same time his weekly dues; and it was argued that the amount paid as weekly dues ought to have been deducted from the principal sum, and interest charged only on the balance. But it was held that such a contract was not usurious for the reason that it was expressly authorized by the Act of 1852, and the relation between the mortgagor and mortgagee was not that of a borrower

and lender of money.   In the present case, the appellant is alike restricted by the statute under which it was incorporated, with respect to the interest which it is authorized to receive from its members to whom advances have been made.

The 87th section of the Act of 1868, ch. 471, is identical in its terms with *sec.* 6 of the *Act of* 1852, *ch.* 148, and provides that the interest payable on the sums advanced shall be " at the rate of *six per cent. per annum.*"

It appears from the face of the mortgage, as well as from the proof in the record, that the interest which the appellee contracted to pay was at the rate of *eight per cent. per annum.*   In this respect the contract was illegal, and the appellee is properly chargeable with *six per cent.* only, and is entitled to be credited with all sums paid by him for interest in excess of that rate, in reduction of the amount payable in redemption of the mortgage.

It follows from what has been said that the account stated by the auditor and ratified by the Circuit Court was erroneous.

With the exception of the 'error to which we have referred arising from the payment of excessive interest, we are of opinion that the claim filed by the appellant is stated upon correct principles ; and according to the *rule* established in *Robertson's Case.*

It being shown by the proof that the contract of the appellee, if it had been performed on his part, would have terminated on the 21st day of October 1880, he is to be charged with the bi-weekly dues, and interest at the rate of *six per cent. per annum,* counting from August 2nd 1877, till October 21st 1880.   Also with dues in arrear August 2nd 1877 ; interest then in arrear at six per cent. and fines.

He is entitled to a rebate of interest for one-half the period between *August 2nd* 1877 and *October 21st* 1880, and to a credit for interest paid by him in excess of six per

cent. per annum. And the balance thus ascertained will show the amount payable by the appellee in satisfaction of the mortgage, on the 3rd day of August 1877.

With respect to the amount of commissions awarded by the Circuit Court, to the trustee, no question has been raised by the appellant on this appeal; nor has the trustee made any objection thereto, having expressly waived all objection to that part of the decree, it is therefore unnecessary to express any opinion thereon.

But there being, in our judgment, error in the account stated by the auditor, the decree of the Circuit Court ratifying the same, will be reversed, and the cause remanded, to the end an account may be stated in conformity with this opinion.

*Reversed and remanded.*

(Decided 9th February, 1882.)