(Decided 12th July, 1882.)

---

JOHN W. H. GEIGER *vs.* THE EIGHTH GERMAN BUILDING ASSOCIATION, OF BALTIMORE.

*Building Association—Mortgagor and mortgagee—Usury— Act of 1872, ch. 178—Section 86, of the Act of 1868, ch. 471.*

G. having two shares of the stock of a Building Association, of the value of two hundred dollars each, executed a mortgage to the Association to secure the payment of four hundred dollars advanced him, on his two shares, which were thereby declared redeemed, and transferred to the Association. The covenant of the mortgage was "to pay the mortgagee the weekly sum of one dollar as weekly dues, and the further sum of sixty cents as weekly premiums, on every Monday evening, until the dissolution of the said body

corporate shall have taken place according to the charter and constitution and by-laws thereof, which charter, constitution and by-laws are made parts of this mortgage; also to pay all ground rents and taxes  *   *   *   *   *  And to pay all fines that may be imposed on him by the said mortgagee for any failure to perform the requirements of the charter, constitution and by-laws aforesaid." The mortgagor consented in the mortgage to a decree for a sale in the event of default. Article 7 of the Constitution of the Association provided that whenever there should be two hundred dollars in the treasury, a share should be loaned or redeemed, and that if there were no application for it, some member might be forced to take it. Article 8 provided that every shareholder who had received a loan or advance either on application or by compulsion, should pay the Association for every two hundred dollars thus loaned or advanced, the weekly sum of fifty cents as dues, and the *weekly sum of thirty cents as premium.* The law under which the Association was incorporated restricted the charge for interest on money loaned to six per cent. The Association was a solvent and going concern, and the mortgagor was a member thereof as well after the mortgage as before. HELD :

That the thirty cents per share required to be paid weekly as premium, by the mortgagor, was more than six per cent. on the value of the share, and to the extent of such excess was usurious, and the same was not recoverable by the Association.

Building Associations are not included in the provisions of the Act of 1872, ch. 178; the Act was intended for an entirely different class of corporations.

Section 86, of the Act of 1868, ch. 471, which provides for the payment of such *bonus* as may be necessary to place a new member on a footing with the older members,—that they may share equally the profits of the concern—does not warrant a Building Association to charge interest in excess of six per cent. under the appellation of premium.

APPEAL from The Circuit Court for Baltimore County, in Equity.

The case is stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., STONE, MILLER, ALVEY, ROBINSON, IRVING, and RITCHIE, J.

*George R. Willis,* for the appellant.

*Luther M. Reynolds,* for the appellee.

IRVING, J., delivered the opinion of the Court.

. The appellee is a Building Association, duly incorporated under the laws of this State. The appellant, having two shares of the stock of the Association of the value of two hundred dollars each, executed a mortgage to the appellee to secure the payment of four hundred dollars advanced him, on his two shares, which were thereby declared redeemed and transferred to the Association. The covenant of the mortgage was "to pay the mortgagee the weekly sum of one dollar as weekly dues, and the further sum of sixty cents as weekly premiums, on every Monday evening until the dissolution of the said body corporate shall have taken place according to the charter, and the constitution and by-laws thereof, which charter, constitution and by-laws, are made part of this mortgage; also, to pay all ground rent and taxes (State and city) for which the property hereby mortgaged may become liable, when payable. And to pay all fines which may be imposed on him by the said mortgagee, for any failure to perform the requirements of the charter, constitution and by-laws aforesaid." It also provided that all payments and covenants should continue in force until the holder of every share of the stock of the Association shall have received therefor two hundred dollars, when the corporation, by its charter, would be dissolved. The mortgagor consented in the mortgage to a decree for sale in the event of default, and the appointment of Luther M. Reynolds, as trustee, to make the sale, in such case, in accordance with the provisions of sections 782 to 799, inclusive, of Article 4, of the Code of Public Local Laws.

The appellant having failed for two consecutive weeks to pay his weekly dues and premiums, the appellee filed

a petition in the Circuit Court for Baltimore county, alleging the default, tendering a bond from the trustee for the Court's approval, and praying the Court to take jurisdiction of the matter. The Court approved the bond, and on the same day the appellant filed his petition praying for an injunction upon the ground that the amount claimed by the appellee, in its petition, to be due, was not 'due, and submitting a statement of what he claimed was due and had been tendered the appellee. This petition also charges the mortgage to be "illegal, usurious, *ultra vires* and void, except as security for the payment of the money, and incapable of being enforced either in law or equity for any greater amount of money." Injunction was granted, but subsequently was, by agreement, dissolved by a *pro forma* order, and this appeal was taken.

The amount in controversy is small; but the question presented is important to the Association and its members. The mortgage cannot be regarded as *ultra vires*, as contended for by the appellant's solicitor. Nor can it be regarded solely as for a simple loan of money, between borrower and lender. *The Peter's Building Association No. 5 of Balto. vs. Jaecksch*, 51 *Md.*, 201. To the extent, however, that the appellant is called on by the appellee, to pay as weekly premium a sum larger than six per centum *per annum* upon the four hundred dollars advanced, the claim is usurious, and consequently, not recoverable.

Article 7, of the constitution of the corporation, provides, that whenever there shall be two hundred dollars in the treasury, a share shall be loaned on or redeemed, and that if there is no application for it, some member may be forced to take it. In this respect, it is claimed, this Association differs from all others heretofore considered by this Court, and that the difference is material.

Article 8 of the appellee provides that any shareholder who has received a loan or advance, either on application or by compulsion, shall pay the Association for every

two hundred dollars thus loaned or advanced, the weekly sum of fifty cents as dues, and the weekly sum of thirty cents as premium ; and in case he shall fail to pay either dues or premium when demandable, he shall, for every such failure, pay at the next meeting a fine of five cents for every two hundred dollars loaned or advanced him, which weekly dues and premiums shall be made until the dissolution of the corporation. The 12th section of the constitution provides for dissolution whenever every share has been redeemed or loaned upon.

The argument of the appellee's counsel is very ingenious, but we can find no solid reason for excepting this case from the operation of the principles announced in *The Peter's Building Association case,* 51 *Md.,* 198, and in the *Border State Perpetual Building Association vs. McCarthy,* 57 *Md.,* 555, and *The Home Mutual Building Association of Baltimore vs. Thursby, supra, page* 284.

The law under which the appellee was incorporated restricts the charge for interest on money loaned, to six *per centum,* and the general law of the State forbids the charge of more. The thirty cents premium, per share, provided for in Article 8 of appellee's constitution, and charged this appellant, is more than six per cent. on the value of the share, which is $200.00. Sixty cents is charged the appellant on the two shares ($400.00) advanced him. This is nearly fourteen cents per week in excess of legal interest. It is not called interest, but is called premium; but it is manifestly intended for interest, and is an evasion of, and in violation of, law. The contention that this charge is warranted by the Act of 1872, ch. 178, cannot be sustained. That Act has no application to this case, and we now express no opinion as to the effect of its provisions in cases where it was intended to apply. It was intended for an entirely different class of corporations, and does not include Building Associations in its provisions. It is very clear that this case does not fall within

Geiger *vs.* The Eighth German Build. Association.

the provisions of section 86 of the Act of 1868, which provides for the payment of such *bonus* as may be necessary to place a new member on a footing with older members, and which provision is recognized as legitimate in *The Home Mutual Building Association vs. Thursby*. That is a provision for equalization of members, that they may share equally the profits of the concern, but does not warrant the charging of interest in excess of six per cent. In this case the word "premium" and charge for it can only be regarded as meaning interest, and to the extent that the charge exceeds the rate of six per centum it can not be allowed. This is the case of a solvent and going concern, and the appellant was a member thereof, as well after the mortgage executed by him whereby his shares were redeemed, as before, and it is to be settled upon the same principles that are laid down in *The Border State Perpetual Building Association case* already cited.

From what we have said it is apparent that the *pro forma* decree of the Circuit Court dissolving the injunction must be reversed, and the cause must be remanded, to the end that an account may be taken to ascertain the exact amount due from the appellant to the appellee, before the sale shall be allowed to proceed ; which account shall be stated in accordance with the views herein expressed.

*Decree reversed, and
cause remanded.*

(Decided 12th July, 1882.)