## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed July 9, 1903.

RHODA NICKEL ET AL.

VS.

THE MUTUAL PROTECTIVE BUILD-ING AND LOAN ASSOCIATION OF BALTIMORE CITY.

*William Colton* and *Lewis Hochheimer* for plaintiffs.

*Maurice E. Skinner* for defendant.

**DOBLER, J.—**

The sole question for determination in this case is the principle upon which the account between the parties is to be stated. The defendant is a building association.

The plaintiff, Rhoda Nickel, is the holder of four shares of Instalment Stock, Class A, in the association. She obtained as an advance upon said shares their full par value, and executed, with her husband, a mortgage to secure the payments necessary to mature said shares according to the scheme of the association. This scheme provided for the payment of monthly instalments of fifty cents per share as dues, fifty cents per share as legal interest, and fifty cents per share as premium. The exaction of these instalments of premium is unquestionably usurious.

The association being in active operation the rule laid down in Robertson's case, 10 Md. 397, reasserted and enlarged in the case of the Border State Perpetual Building Association vs. McCarthy, 57 Md. 555, must be here applied.

In the latter case the interest which the appellee contracted to pay was at the rate of eight per cent. per annum. In this respect the contract was illegal, and the appellee (borrowing member) was held to be properly chargeable with six per cent. only, and entitled to be credited with all sums paid for interest in excess of that rate in reduction of the amount payable in redemption of the mortgage. The Court declared that, with the exception of the error arising from the payment of excessive interest, the claim of the building association is to be stated according to the rule established in Robertson's case. The time when the contract of the borrowing or redeemed shareholder would have terminated, if it had been performed on his part, was ascertained, and direction was given to apply the rule in Robertson's case, having reference to the time so ascertained, and to credit the redeemed shareholder with the excess of interest payments above the legal rate.

To fix the date for the termination of the contract of the mortgagors in this case, if it had been performed on their part, we are not to inquire when these four shares would mature if the mortgagors would continue to pay monthly an instalment of premium equal to six per cent. per annum, in addition to legal interest, and then apply the directions given in 57 Md. 555. It is conceded by the counsel for the defendant that if the contract set forth in the mortgage were carried out by the mortgagors, these four shares would mature in 108 months from the 1st of January, 1897—that is, by January 1st, 1906, or within 38 months from November 1, 1902.

If the plaintiffs be charged
with monthly dues and inter-
est for 38 months, at $4.... $152.00
And be entitled to rebate of
interest thereon for 19
months ................... 13.44

$138.56

And to a credit of pre-
miums paid........$116.50
And interest from times
of payment.......... 19.14    135.14

There will remain due
but ............... $3.42

And the plaintiffs will have obtained $400 from the defendant, and will have been enabled to discharge their obligations therefor by the expenditure of but $398.09 in instalments during seventy months, and the association, after making allowance for six per cent. interest on monthly balances, will have received less than three per cent. per annum on its transaction with the plaintiffs. This would work an injustice to the association.

We must rather ascertain the time when these shares would mature if the redeemed shareholder carried out her proper building association contract, in this case to pay fifty cents per share per month as dues, and fifty cents per share per month as interest until the time should arrive when, by virtue of such payments and the legitimate operations of the building association, there should be to the credit of each share so redeemed the sum of $100.

In the present case counsel for both sides agree that these shares would mature at the expiration of 138 months from January 1st, 1897; that is to say, in 68 months after November 1, 1902. Applying the principle as thus understood to be laid down in The Border State Perpetual Building Association vs. McCarthy, 57 Md. 555, the account is as follows:

The plaintiffs are charged
with—
Monthly dues and interest for
68 months at $4............ $272.00
Less rebate of interest for 34
months ................... 46.24

$225.76

And are credited for
premiums paid......$116.00
And interest from time
payment ........... 19.14    135.14

Leaving balance due by
plaintiffs ........... $90.62

With interest from Nov. 1, 1902.

Upon payment of the said sum of $90.62, with interest from the 1st day of November, 1902, and the plaintiff's costs in the case at any time on or before the 1st day of September, 1903, the defendant will be required to execute a release of the mortgage mentioned in these proceedings, and to pay its own costs in this case, and the defendant will thereupon be authorized to cancel the certificate for the four shares of its stock now standing in the name of the plaintiff, Rhoda Nickel, and upon default of such payment on the part of the plaintiffs within the time above mentioned, their bill for injunction will be dismissed, with costs.

--------◆--------

## SUPERIOR COURT OF BALTIMORE CITY.

Filed July 15, 1903.

See also opinion of Phelps, J., in same cases filed December 30, 1903.